UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY, | CIVIL NO. 10-2132 (JRT/JSM) |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| TRANSWEB L.L.C., | |
| Defendant. | |

The above matter came on before the undersigned upon plaintiffs' Motion to Compel Jurisdictional Discovery [Docket No. 17]. John C. Adkisson, Esq. appeared on behalf of plaintiffs. Matthew S. Warren, Esq. and Arthur G. Boylan, Esq. appeared on behalf of defendant.

The Court, being duly advised in the premises, upon all of the files, records, and proceedings herein, and for the reasons stated on the record at the hearing and in the Memorandum below, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

Plaintiffs' Motion to Compel Jurisdictional Discovery [Docket No. 17] is **DENIED** without prejudice to plaintiffs' ability to reargue the issue of jurisdictional discovery before District Judge John R. Tunheim as alternative argument in their response to defendant's motion to dismiss.

Dated:      September 20, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

This case arises out of plaintiffs 3M Innovative Properties Company and 3M Company's (hereinafter referred together as "3M") claim of patent infringement against defendant TransWeb L.L.C ("TransWeb"). The present matter comes before the Court on 3M's request of jurisdictional discovery so it can refute TransWeb's motion to dismiss based on a lack of personal jurisdiction.

This Court is required to apply Federal Circuit precedent when considering whether to exercise personal jurisdiction in patent case. See Patent Rights Protection Group, LLC v. Video Gaming Technologies, 603 F.3d 1364, 1368 (Fed. Cir. 2010) (citing Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995)) (citation omitted). However, the Court is to apply the law of the regional circuit, in this case Eighth Circuit, when addressing the issue of jurisdictional discovery. Id. at 1371 (citing Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1021-22 (Fed. Cir. 2009)) (citation omitted). The Eighth Circuit has noted that a prima facie case of personal jurisdiction is not necessarily a perquisite to allowing jurisdictional discovery to take place. See Steinbuch v. Cutler, 518 F.3d 580, 589 (8th Cir. 2008). Instead, the Eighth Circuit concluded:

> On the basis of the current record which reflects that Steinbuch offered documentary evidence, and not merely speculations or conclusory allegations, about Hyperion's contacts with Arkansas, the district court should not have dismissed his action against Hyperion without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified.

Id. (citing Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)) (emphasis added). Jurisdictional discovery should normally be granted where facts

bearing on jurisdiction are controverted; however, jurisdictional discovery should not be had where it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for personal jurisdiction.  See Patent Rights Protection Group, LLC, 603 F.3d at 1371 (citation omitted).

The Court notes that it is not in a position to make a finding that a prima facie case of personal jurisdiction exists based on the allegations and evidence before the Court.  This is an issue will need to be addressed by District Judge John R. Tunheim, in a manner that is consistent with Federal Circuit law.  Judge Tunheim will also need to decide, to the extent that a prima facie case of personal jurisdiction does not exist, whether there is a sufficient dispute amongst the parties regarding the facts bearing on jurisdiction, so as to allow some form of jurisdictional discovery.[1]  However, at this time, based on the allegations and evidence before it, this Court cannot conclude that

---

[1] This Court notes that the common practice in this District appears to be that when defendants move to dismiss for lack of personal jurisdiction, 3M generally oppose the motion by arguing for an outright denial, while seeking jurisdictional discovery in the alternative should the Court find a close question.  See, e.g., Workman Secs. Corp. v. Phillip Roy Fin. Servs., LLC, No. 09-1723, 2010 WL 155525 at *5 (D. Minn. Jan 11, 2010); Ductcap Prods., Inc. v. J & S Fabrication, Inc., No. 09-1179, 2009 WL 3242022 at *4 (D. Minn. Oct. 2, 2009); Comfort Heat Systems, LLC v. Royall Mfg., Inc., No. 08-5246, 2009 WL 313443 at *4 (D. Minn. Feb. 6, 2009); Apex IT, Inc. v. Rhema Bible College, No. 08-0596, 2008 WL 2952027 at *3-*4 (D. Minn. July 28, 2008); Greenbelt Resources Corp. v. Redwood Consultants, LLC, 627 F. Supp. 2d 1018, 1027 (D. Minn. 2008); Operation Bass, Inc. v. Johnston, No. 07-4819, 2008 WL 1808291 at *4 (D. Minn. April 21, 2008); Jennie-O Turkey Store, Inc. v. Food Movers, Int'l, Inc., No. 07-1605, 2007 WL 2580599 at *4 (D. Minn. Sept. 5, 2007);  Grace Investments, Inc. v. Global Energy Trust, Ltd., No. 06-1041, 2006 WL 2061640 at *3 (D. Minn. July 24, 2006); Bible & Gospel Trust v. Wyman, 354 F. Supp. 2d 1025, 1031-32 (D. Minn. 2005); Full Circle Int'l, Inc. v. Wettstein, No. 04-2710, 2005 WL 174836 at *5 (D. Minn. Jan. 26, 2005);  Franklin Sports, Inc. v. Gentile, No. 01-159, 2001 WL 1640114 at *1 (D. Minn. July 20, 2001);  Tuttle v. Lorillard Tobacco Co., 118 F. Supp. 2d 954, 959-960 (D. Minn. 2000); but see, Graco, Inc. v. Techtronic Industries North America, Inc., No. 09-cv-1757 (JRT/RLE) (D. Minn. Dec. 11, 2009); CBS Interactive, Inc. v. National Football League Players Association, No. 08-cv-5097 (ADM/SRN) (D. Minn. Oct. 28, 2008).

3

allowing 3M to take jurisdictional discovery will lead to the discovery of admissible evidence demonstrating that TransWeb has had sufficient contacts with Minnesota so as to afford the Court with personal jurisdiction over it.

In order have specific personal jurisdiction in a patent infringement case, the infringing product must have been made, used, offered to sell in or sold in Minnesota. See HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 (Fed. Cir. 1999) ("Patent infringement occurs when a party 'without authority makes, uses, offers to sell or sells any patented invention.' 35 U.S.C. 271(a) (1994). Thus, for there to be specific personal jurisdiction over TFT in Nebraska, HollyAnne would have to allege that TFT did one of those listed activities in Nebraska"). "Under contract law, an offer is a communication 'which the other party could make into a binding contract by simple acceptance.'" Ductcap Prods., Inc., 2009 WL 3242022 at *3 (quoting Group One, Ltd. v. Hallmark Cards, Inc., 254 F.3d 1041, 1048 (Fed. Cir. 2001)). Promoting a product does not constitute an offer. Id. (citing Am. Fed. Bank, FSB v. U.S., 62 Fed. Cl. 185, 195 (2004), citing Linear Tech. Corp. v. Micrel Inc., 275 F.3d 1040, 1051 (Fed. Cir. 2001))

In this case, the uncontroverted evidence only shows that TransWeb sent free samples of the alleged infringing products to 3M based on 3M's request, without any mention by TransWeb of specific pricing for the products. See Declaration of John C. Adkinsson in Support of Plaintiffs' Motion to Compel Jurisdictional Discovery ("Adkinsson Decl.") [Docket No. 20], Exs. 8-10; see also Declaration of Kumar Ogale in Support of Defendant's Motion to Dismiss ("Ogale Decl.") [Docket No. 24], ¶¶ 16-18, Exs. 1-2. This Court does not understand how discovery will provide any additional evidence to support specific personal jurisdiction, as the only question that remains for

Judge Tunheim is whether the sending of the samples is enough to provide jurisdiction over TransWeb.

Nor can this Court find that discovery is appropriate as it relates to the issue of whether general personal jurisdiction exists over TransWeb based on the current record.  General jurisdiction over a defendant exists for any purpose where the defendant has "continuous and systematic" contacts with a forum state.  <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416, 418-19 (1984).  "'Neither the United States Supreme Court nor [the Federal Circuit] has outlined a specific test to follow when analyzing whether a defendant's activities within a [forum] are 'continuous and systematic.'" <u>Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico</u>, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (quoting <u>LSI Indus. Inc. v. Hubbell Lighting, Inc.</u>, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).  The only evidence of TransWeb's contacts with Minnesota is that it sold products in Minnesota from 2000-2002 and it sent to 3M free samples, seven to eight years later, in November of 2009 and February of 2010.  <u>See</u> Ogale Decl., ¶¶ 7-18; Adkinsson Decl., Exs. 8-10.  3M only offers a speculatory assertion that because it has done business in the past with TransWeb, other companies in Minnesota must have also done business with TransWeb, affording sufficient contacts to find that TransWeb has had continuous and systematic contacts in Minnesota.  <u>See</u> Plaintiffs' Memorandum in Support of Motion to Compel Jurisdictional Discovery at pp. 10-11.  3M also offered a conclusory assertion that discovery regarding TransWeb's sales and distributorship structure will provide it with needed information to support its claim of personal jurisdiction.  <u>Id.</u> at pp. 11-12.  However, the Court will not allow 3M to conduct a fishing expedition into TransWeb's contacts with Minnesota solely

on 3M's belief that this discovery will afford evidence of more contacts by TransWeb with Minnesota.

      This Court's denial of jurisdictional discovery is without prejudice.  3M may raise its request for jurisdictional discovery with Judge Tunheim as an alternative argument in its opposition to TransWeb's motion to dismiss based a lack of personal jurisdiction.

J.S.M.